## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EPIPHANY SUMMERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: 1:25-cv-02225-TWT |
| CITY OF ATLANTA, and | ) | |
| DETECTIVE RONALD | ) | |
| SLUSS in his individual | ) | |
| Capacity. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT RONALD SLUSS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Detective Ronald Sluss ("Detective Sluss") by and through undersigned counsel and hereby files this Motion to Dismiss Epiphany Summers' ("Plaintiff's") Complaint for damages for failure to state a claim pursuant to Federal Civil Rules of Procedure, Rule 12(b)(6).

## INTRODUCTION

This action stems from the Plaintiff's claims that her First, Fourth and Fourteenth Amendment rights were violated when Detective Sluss of the APD allegedly applied for two warrants under false pretenses. (Doc. 1, *entire*). The Plaintiff's claims are subject to dismissal because Detective Sluss obtained the subject warrants after Fulton County Superior Court Judges determined that

1

Detective Sluss had the requisite probable cause to seize and search the Plaintiff's cellular phone and vehicle.[1] Therefore, any seizure of the Plaintiff's property subject to the warrants was carried out lawfully. Accordingly, it follows that the Plaintiff's constitutional rights were not violated, necessitating dismissal.

## STATEMENT OF FACTS

This action stems from the Plaintiff's allegations that Detective Ronald Sluss ("Detective Sluss") violated the Plaintiff's First, Fourth and Fourteenth Amendment rights. (Doc. 1, pg. 1). The Plaintiff alleges that on November 15, 2024, Detective Sluss applied for two (2) warrants regarding the Plaintiff's 2022 Blue Hyundai vehicle and cell phone. (Doc. 1, ¶ 11). The Plaintiff alleges that Detective Sluss targeted her because of a suspected opposition to the police training facility commonly referred to as "Cop City." (Doc. 1, ¶ 11). The Plaintiff further asserts that Detective Sluss applied for a warrant to secure her property based on a belief that her vehicle was in the vicinity of a location where flyers in opposition of Cop City were posted. (Doc. 1, ¶ 11). Plaintiff asserts that Detective Sluss lied under oath in his warrant application, "to gather evidence of the crime of Criminal Damages to property in the 2nd degree and property damage in the amount of $500 or more." (Doc. 1, ¶ 12). The Plaintiff all but concedes posting the subject flyers, which she

---

[1] *See* **Exhibits A and B**, *Infra*.

claims caused no damage. (Doc. 1, ¶¶ 11-12). Plaintiff claims that despite a lack of damage, Detective Sluss falsely obtained the warrants under the premise that there was damage in order to "gather evidence" in relation to Criminal Damage to property in the second degree.  (Doc. 1, ¶ 12). Plaintiff also alleges that Detective Sluss made false statements in his warrant affidavit but does not specify which statements were false. (Doc. 1, ¶ 12). Plaintiff alleges that the warrant were applied for in accordance with an alleged "Cop City Policy." (Doc. 1, ¶ 13). Plaintiff asserts that according to the alleged policy, "persons suspected to oppose construction of [the] police training facility are to be heavily surveilled – regardless of whether such surveillance is legal or illegal, their property is to be seized without regards of legality of such seizures and they are to be arrested for pretextual offenses if the opportunity for such arrests presents itself." (Doc. 1, ¶ 13). The Plaintiff claims that in furtherance of the "Cop City Policy," the City through its police department has detained and intimidated journalists suspected of holding views in opposition to Cop City and cites cases currently pending before this Court in support. (Doc. 1, ¶ 14). The Plaintiff also cites to a case (*Marsicano v. Long 1:25-cv-00944-TRJ*) that is before this Court, but is stayed, in an effort to "articulate" the supposed "Cop City Policy." (Doc. 1, ¶ 15).

Plaintiff alleges that on November 15, 2024, Detective Sluss seized the Plaintiff's vehicle. (Doc. 1, ¶ 16). Plaintiff alleges that on November 18, 2024, after returning from a work trip she noticed that her vehicle was missing, ultimately called

APD and in response Detective Sluss and other officers arrived and advised the Plaintiff that there was a warrant for the seizure of her vehicle. (Doc. 1, ¶ 17). The Plaintiff also alleges that Detective Sluss provided the Plaintiff with a copy of the warrant which did not include the warrant affidavit. (Doc. 1, ¶ 17). Thereafter, Plaintiff alleges that Detective Sluss informed her of a warrant for the seizure of her cell phone, provided the Plaintiff with a copy of said warrant, which the Plaintiff complied with. (Doc. 1, ¶ 18). Plaintiff alleges that her vehicle and cell phone were returned after three (3) months. (Doc. 1, ¶ 19). Plaintiff claims that no charges were ever filed against her, or anyone related to the events that allegedly formed the basis for the seizure of her vehicle and phone. (Doc. 1, ¶ 20). Plaintiff ultimately alleges that there was no probable cause for either warrant, and asserts that both warrants were overbroad. (Doc. 1, ¶ 21).

Plaintiff alleges that she was illegally deprived of her property for more than three (3) months in violation of the Fourth Amendment. (Doc. 1, ¶ 22). Plaintiff alleges that said deprivation was done through false statements within the warrant affidavits, done in retaliation for the Plaintiff's First Amendment Protected conduct of expressing her view in opposition to Cop City. (Doc. 1, ¶ 22).

## **STANDARD OF REVIEW**

### *Failure to State a Claim*

The Rules of Civil Procedure provide a process for a defendant to move to dismiss a complaint on the ground that the plaintiff failed to state a claim on which relief may be granted. "A Rule 12 (b)(6) motion tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009) (quoting Fed. R. Civ. P. 8 (a)(2)). Therefore, in assessing the merit of a Rule 12 (b)(6) motion, the court must assume that all factual allegations set forth in the complaint are true. *See* e.g., *United States v. Gaubet*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

"However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Rather, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints in § 1983 cases must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Randall v. Scott*, 610 F.3d 701, 708 n. 2 (11th Cir. 2010).

## *Incorporation by Reference*

Generally, when considering a motion to dismiss, the district court must limit its consideration to the pleadings and any attached exhibits. *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023). If the parties present, and the court considers, evidence outside the pleadings, the motion to dismiss generally must be converted into a motion for summary judgment. *Id.* An exception to the conversion rule is the incorporation by reference doctrine. *Id.* Under the incorporation by reference doctrine a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if: 1) the plaintiff refers to certain documents in the complaint; 2) those documents are central to the plaintiff's claim; and 3) the documents' contents are undisputed. *Id.* In *Johnson v. City of Atlanta*, 107 F.4 1292, 1300 (11th Cir. 2024) the Eleventh Circuit Court of Appeals further clarified that the incorporation-by-reference doctrine allows federal trial courts within Florida, Georgia, and Alabama to consider documents on a motion to dismiss or motions for judgment on the pleadings that were not referenced in or attached to the complaint if the document is: 1) central to the Plaintiff's claims, and 2) undisputed.

Detective Sluss hereby incorporates the subject warrants referred to within the Complaint pursuant to the incorporation by reference doctrine.[2] The warrants are central to the Plaintiff's claims against Detective Sluss and are an exact duplicate of what was provided to the Fulton County Superior Court Judges. The warrants demonstrate Detective Sluss's probable cause for the search and seizure of the Plaintiff's property, nullify the Plaintiff's claims of constitutional violations.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    PLAINTIFF CANNOT PLAUSIBLY PLEAD A FOURTH AMENDMENT VIOLATION[3]

This Court should dismiss Count I because the Plaintiff's property was not unlawfully seized or searched. A "seizure" of property under the Fourth Amendment "occurs when there is some meaningful interference with an individual's possessory interests in that property." *Smith v. Roundtree,* 704 Fed. Appx. 831, 833 (11th Cir.

---

[2] *See* **Exhibit A** - Warrant for Search and Seizure of Plaintiff's Cell Phone; *see also* **Exhibit B** – Warrant for Search and Seizure of Plaintiff's Vehicle.

[3] Notably, although the Fourteenth Amendment is referenced, it does not appear to be a standalone claim, and therefore Detective Sluss will focus this argument on the Plaintiff's failure to plausibly allege a Fourth Amendment violation. The U.S. Supreme Court has instructed that the Fourth Amendment prohibition of unreasonable search and seizure applies to the States under the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 10 (1964); *Root v. King*, 2020 WL 4015799 at * 2 (M.D. Fl. Jul. 16, 2020) (citing *Moreland v. Dorsey*, 230 F. Supp. 2d 1338, 143 n.3 (N.D. Ga. 2002) (noting that the plaintiff's claim implicated the Fourteenth Amendment's "enabling aspect that permits a plaintiff to assert a violation of the Bill of Rights against a state actor, but [did] not implicate the Fourteenth Amendment as a source of substantive protections against unreasonable search and seizures)).

To the extent that extent the Plaintiff is alleging a separate violation of her Fourteenth Amendment right, Detective Sluss reserves the right to argue the Plaintiff's failure to plausibly plead a Fourteenth Amendment claim within a reply brief.

2017) (citing *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992). The facts of *Signature Pharmacy, Inc. v. Wright*, 438 Fed. Appx. 741 (11th Cir. 2011) are similar to the matter *sub judice* and therefore controlling. In *Signature*, an officer ("Wright") with the Metropolitan Bureau of Investigation (MBI) began surveilling Signature Pharmacy for knowingly providing steroids and human growth hormones to individuals without a medical need and in the absence of a physician-patient relationship. *Signature*, at 742. After some undercover operations and surveillance, Wright applied for and obtained a wiretap from a district court judge. *Id*. Following the wiretap and additional investigations, a grand jury returned an indictment against Signature Pharmacy and its employees. *Id*. at 743. Thereafter arrest warrants were issued for the arrest of the individuals indicted. *Id*. Wright then obtained search warrants for several Signature Pharmacy locations and after reviewing the application and supporting materials the district court judge authorized the search warrants. *Id*. Wright subsequently executed the search in compliance with the warrants issued by the district judge. *Id*.

Signature Pharmacy later brought a civil action against Wright and others on claims of unlawful seizure of the plaintiffs' property without probable cause and outside of the scope of any valid search warrant, among other claims. *Id*. at 742. The district court denied the defendants' defense of qualified immunity and found that the search warrants Wright procured and executed were facially invalid, general

warrants. *Id*. at 743. However, on appeal, the Eleventh Circuit Court of Appeals reversed the district court's ruling finding that Wright's warrants were not facially invalid because they contained detailed descriptions of the locations to be searched and the items to be seized, on which a reasonable officer could rely. *Id*. at 744 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The Eleventh Circuit Court of Appeals found that because the warrants contained detailed descriptions of the items to be seized and were signed by a state court judge after careful examination, that Wright's reliance on the warrants in executing his search of the premises was reasonable. *Id*.

Similarly, in the matter *sub judice*, Detective Sluss's warrants are facially valid, as they provide detailed descriptions of the items to be seized and searched, which were signed by Fulton Superior Court Judges, prior to Detective Sluss's execution of the same.[4] Therefore, Detective Sluss' reliance on these signed warrants in executing his seizure and search of the same was reasonable. *Id*. at 744.

Moreover, "an officer ordinarily does not violate the Fourth Amendment when he executes a facially valid [] warrant, regardless of whether the facts known to the officer support probable cause." *Williams v. Aguirre*, 965 F.3d 1147, 1162 (2020) (citing s*ee, e.g.*, *Whiteley v. Warden*, 401 U.S. 560, 568 (1971); *see Simon v. United States*, 644 F.2d 490, 496 (5th Cir. May 1981)). Instead, the U.S. Supreme Court has instructed courts to examine whether "the judicial officer issuing such a

---

[4] *See* Exhibits **A** and **B**.

warrant [was] supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Williams*, at 1162 (citing *Whiteley*, 401 U.S. at 564)). A magistrate's decision that probable cause exists is conclusive absent arbitrariness. *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *United States v. Long,* 674 F.2d 848, 852 (11th Cir. 1982)).

**Exhibits A** and **Exhibit B**, *prima facie* demonstrate that the Fulton County Superior Court Judges who signed the subject warrants, were provided with sufficient information to support an independent judgement that probable cause existed for the warrants. In accordance with the Fourth Amendment, Detective Sluss's warrants described with particularity the objects to be searched and seized. *See U.S. v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). Elaborate specificity, which the Plaintiff erroneously asserts is the standard, is in fact unnecessary. *Id*. The description within the warrant is considered "sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *Betancourt*, 734 F.2d at 754–55 (citing *United States v. Cook,* 657 F.2d 730, 733 (5th Cir. 1981)). The standard "is one of practical accuracy rather than technical nicety." *Id*. (citing *United States v. Johnson,* 541 F.2d 1311, 1313 (8th Cir. 1976)).

The warrants identify with specificity the items being searched: a) the Plaintiff's iPhone 13 ProMax, IMEI: 350879909397625; and the Plaintiff's b) 2020

Blue Hyundai Kona, GA Tag: SBV6114.[5] The warrants also specify that the items are being searched in connection with a violation of O.C.G.A. § 16-7-23 and further specify, with particularity, the evidence sought.[6] The Fulton Superior Court Judges who signed these warrants effectively determined that probable cause existed, and their decision is conclusive of the existence of probable cause absent arbitrariness. *See Long,* 674 F.2d at 852.

Because Detective Sluss' warrants demonstrate the Fulton County Superior Court Judges' finding of probable cause, and because the warrants were facially valid such that Detective Sluss' reliance on the same was reasonable, it follows that Detective Sluss did not deny the Plaintiff her Fourth Amendment right, necessitating dismissal.

### a.  *The Warrants Were Not Unreasonably Broad*

The Plaintiff asserts that the warrants were unreasonably broad, however, similar to the Eleventh Circuit's reasoning in *Signature,* "a description is sufficiently particular when it enables the searcher reasonably [able] to ascertain and identify the things to be seized." *Signature,* at 745 (citing *United States v. Santarelli*, 778 F.2d 609, 614 (11th Cir.1985)). In *Santarelli,* the Eleventh Circuit upheld the warrant despite its broad wording. *Id*. (citing *Santarelli*, 778 F. 2d at 615 (noting that

---

[5] *See* **Exhibits A** and **B**.

[6] *See id*.

"[s]everal circuits have upheld broadly-worded search warrants authorizing the seizure of ... evidence" relating to the specific crime(s) charged)). In *Signature*, Wright provided a list of items to be seized which were evidence of a criminal violation of the laws of the State of Florida, which the Eleventh Circuit found were described with sufficient particularity to allow Wright, a seasoned law enforcement officer, to identify the things to be seized. *Signature*, at 746. Like Wright in *Signature*, Detective Sluss's search warrants state with particularity the items to be seized in connection with the crime of O.C.G.A. § 16-7-23, Criminal Damage to Property in the 2nd degree.[7] Therefore, like the Eleventh Circuit's reasoning in *Signature*, Detective Sluss's search warrants describe with sufficient particularity the items that are evidence of a violation of O.C.G.A. § 16-7-23, and therefore allowed Detective Sluss to identify the things to be seized. *Signature*, at 746 (citing *United States v. Betancourt,* 734 F.2d 750, 754–55 (11th Cir. 1984), *cert. denied, Gerwitz v. U.S.*, 469 U.S. 1021 (1984) (stating that a warrant's description need not contain elaborate specificity; it is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized). Accordingly, Detective Sluss' warrants describe with sufficient particularity the items to be

---

[7] *See* Exhibits **A** and **B**.

searched and seized and therefore did not violate the Plaintiff's Fourth Amendment rights, entitling Detective Sluss to qualified immunity.[8]

## II. PLAINTIFF CANNOT PLAUSIBLY PLEAD A RETALIATION CLAIM IN VIOLATION OF THE FIRST AND FOURTH AMENDMENT

The Court should dismiss Count II as against Detective Sluss because the Plaintiff fails to plausibly plead a retaliation claim in violation of the Plaintiff's First and Fourth Amendment rights.

### a. *Plaintiff's First Amendment Retaliation Claim Fails*

To state a First Amendment retaliation claim, a plaintiff must establish that (1) her speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there was a causal connection between the retaliatory actions and the adverse effect on speech. *Paylan v. Teitlbaum*, 798 Fed. Appx. 458, 464 (2020) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005) abrogated in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223 (2009)). But "probable cause should generally defeat a First Amendment retaliatory [seizure] claim." *Nieves v. Bartlett*, 587 U.S. 391, 405 (2019).

Plaintiff's first amendment retaliation claim fails because: 1) probable cause (as according to the Fulton Superior Court Judges who signed the warrants),

---

[8] Detective Sluss's entitlement to Qualified Immunity is discussed more thoroughly below.

preceded Detective Sluss' seizure and search of Plaintiff's property which defeats a First Amendment retaliatory claim. *See Nieves*, at 405. And 2) the Plaintiff has not demonstrated that posting fliers on private property is constitutionally protected, necessitating dismissal.[9]

   b. *Plaintiff's Fourth Amendment Retaliation Claim Fails*

Under the Fourth Amendment, an individual has a right to be free from "unreasonable searches and seizures." *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1137 (11th Cir. 2007). However, "[t]he existence of probable cause is an absolute bar to a claim of unlawful [seizure] under . . . the Fourth or First Amendment." *Ruch v. McKenzie*, 2019 WL 1407012, at *5 (N.D. Ga. Mar. 28, 2019). The existence of probable cause (as according to Fulton County Superior Court Judges) preceded the seizure and search of the Plaintiff's property and therefore bars the Plaintiff's Fourth Amendment retaliation claim. Further, legal precedent cabins the scope of the ant-retaliation right to specific constitutional provisions-most often the First Amendment. *Zen Group, Inc. v. Agency for Health Care Administration*, 80 F.4th 1319, 1328 (11th Cir. 2023) (citing *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) (finding that "retaliation by the state for having exercised First Amendment freedoms in the past is particularly proscribed by the First Amendment")).

---

[9] Upon information and belief Plaintiff posted fliers at 110 Mitchell Street in Atlanta, Georgia which is a privately owned property.

c. _Count II is an Impermissible Shotgun Pleading_

This Court should dismiss Count II because it contains deficiencies that are consistent with deficiencies typically found in impermissible shotgun pleadings. _Weiland v. Palm Beach Cnty., Sheriff's Off.,_ 792 F.3d 1313, 1322-23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" which violate Federal Rules of Civil Procedure Rule 8's requirement that a complaint contain a short and plain statement of the claim. _Vibe Micro, Inc. v. Shabanets_, 878 F.3d 1291, 1295 (11th Cir. 2018).

Typically, shotgun pleadings are categorized by (1) multiple counts that each adopt allegation of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) [combining] multiple claims against multiple defendants without specifying which defendant is responsible for which act. _McDonough v. City of Homestead_, 771 F. App'x 952, 955 (11th Cir. 2019).

Count II contains the second and third deficiencies identified above. Within Count II the Plaintiff impermissibly fails to separate two causes of action: 1) Retaliation in violation of the First Amendment; and 2) a Fourth Amendment violation or "Retaliation in violation of the Fourth Amendment." Count II also contains conclusory and vague immaterial facts, that do not demonstrate a

connection to First or Fourth Amendment "retaliatory" violations, which will not suffice to state a claim. *Iqbal*, 556 U.S. at 663 and 678. A unifying characteristic of all shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Weiland,* 792 F.3d at 1323. Here, the Plaintiff's shotgun pleading renders Detective Sluss unable to fully defend himself against whatever claims the Plaintiff may be attempting to assert against him. Accordingly, this Court should dismiss Count II against Detective Sluss because it is an impermissible shotgun pleading.

## III.    PLAINTIFF CANNOT PLAUSIBLY PLEAD A CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

This Court should dismiss Count IV as against Detective Sluss because the Plaintiff fails to plausibly plead a civil rights conspiracy claim. (Doc. 1, ¶¶ 48 – 55). The elements of a cause of action for civil rights conspiracy for depriving persons of rights or privileges are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (2001).

To prevail on a § 1983 conspiracy claim a plaintiff must show that an agreement between two or more people (at least one of whom is a state actor) to violate her constitutional rights resulted in an actual violation of those rights. *Grider v. City of Auburn,* 618 F.3d 1240, 1260 (11th Cir.2010). *See Puglise v. Cobb County, Ga.* 4 F.Supp.2d, 1172, 1181 (N.D. Ga. April 8, 1998) (The plaintiff must present evidence that the defendants acted in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right) (citing *Hinkle v. City of Clarksburg,* 81 F.3d 416, 421–23 & n. 4 (4th Cir.1996)). The existence of such a conspiracy may be proved by circumstantial evidence. *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1191 (11th Cir. 2011). While the plaintiff need not produce direct evidence of a meeting of the minds, they must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective to engage in the unlawful seizure of the plaintiff's property without probable cause; mere speculation and conjecture will not suffice. *See Puglise*, Ga. 4 F.Supp.2d, at 1181 (citing *Hinkle*, 81 F.3d at 421-23; *see also Gometz v. Culwell*, 850 F.2d 461, 463-64 (8th Cir. 1988)).

In Count IV the Plaintiff alleges that Detective Sluss: 1) acted at the direction of **a** final policy maker; 2) that Detective Sluss and the City jointly and in concert engaged in numerous past instances of property seizures without probable cause that

preceded the matter *sub judice*; and 3) that the seizure of property is the continuation of a long standing and long existing Cop City Policy (i.e. seizures without probable cause related to Cop City) performed by Sluss, the City and other agencies. (Doc. 1, ¶¶ 49 – 51).

However, Plaintiff's Civil Rights Conspiracy claim fails because the Complaint is completely devoid of any allegation of an agreement between Detective Sluss and a State Actor. (Doc. 1, ¶¶ 49 – 51). In fact, the Complaint is devoid of the identification of any State Actor or final policymaker in which Detective Sluss purportedly formed an agreement to engage in the unlawful seizure of property in violation of the Fourth Amendment. (Doc. 1, entire). The Complaint simply articulates threadbare assertions that are supported by conclusory allegations which will not suffice. *See Iqbal*, 556 U.S. at 663 and 678; *see also Puglise*, Ga. 4 F.Supp.2d, at 1181.

Moreover, Detective Sluss's actions did not result in a constitutional violation of the Plaintiff's rights,[10] because Detective Sluss's search warrants, which were signed by Fulton County Superior Court Judges, demonstrate that Detective Sluss

---

[10] *See Signature Pharmacy, Inc. v. Wright*, 438 Fed. Appx. 741 (11 Cir. 2011) (The Eleventh Circuit Court of Appeals held that Officer Wright did not deny the plaintiffs' their Fourth Amendment right after executing a facially valid search warrant and therefore plaintiffs' unlawful conspiracy claim was not actionable and barred by qualified immunity).

had probable cause preceding the execution of the warrants. Accordingly, Plaintiff's

Civil Rights Conspiracy claim fails.

## IV.    QUALIFIED IMMUNITY

This Court should dismiss the claims against Detective Sluss because his

qualified immunity bars said claims. In a § 1983 action, qualified immunity protects

public officials from lawsuits brought against them in their individual capacity. 42

U.S.C. § 1983. *See Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027

(11th Cir. 2008). Under the doctrine of qualified immunity, "government officials

performing discretionary functions are generally shielded from liability for civil

damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v.

Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity balances two important public interests: "the need to hold

public officials accountable when they exercise power irresponsibly and the need to

shield officials from harassment, distraction, and liability when they perform their

duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When a

government official raises the "defense of qualified immunity, we first consider

whether the defendant government official has proved that he was acting within the

scope of his discretionary authority when the alleged wrongful act occurred."

*Gonzalez v. Lee Cnty. Hous. Auth.*, 161 F.3d 1290, 1294–95 (11th Cir. 1998)

(alteration and quotation marks omitted). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). "To overcome a qualified immunity defense, the plaintiff must make two showings." *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1354 (11th Cir. 2022) (quotation marks omitted). "First, the plaintiff must establish that the defendant violated a constitutional right." *Id.* (emphasis and quotation marks omitted). "Second, the plaintiff must show that the violation was clearly established." *Id.* (emphasis and quotation marks omitted). "Both elements must be satisfied for an official to lose qualified immunity." *Grider v. City of Auburn*, 618 F.3d 1240, 1254 (11th Cir. 2010). These two elements can be analyzed in whatever order is most appropriate for the case. *Pearson*, 555 U.S. at 236.

    *a. Detective Sluss was Performing a Discretionary Function*

As a preliminary matter, Detective Sluss is entitled to qualified immunity because he was performing a discretionary function when he effectuated the search warrant and seized the Plaintiff's phone and vehicle. To determine if there is discretionary authority, the court examines whether the official was performing a legitimate job-related function through a means that was within the official's power to utilize. *Holloman ex. Rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). "A public official acts within the scope of his discretionary authority where

the acts complained of were undertaken pursuant to the performance of his duties and within the scope of his authority." *Guerra v. Rockdale Cnty., Georgia*, 420 F. Supp. 3d 1327, 1337–38 (N.D. Ga. 2019). Effectuating a seizure and search of property is undoubtedly within the scope of Detective Sluss's authority as a member of law enforcement with the Atlanta Police Department. *See Signature Pharmacy, Inc. v. Wright*, 438 Fed. Appx. 741, 744 (11th Cir. 2011)(finding that an officer's was acting within the scope of his authority when he procured and executed a search warrant). Despite Plaintiff's characterization of the search and seizure, this act was undertaken pursuant to the performance of Detective Sluss' duties as a member of law enforcement and is therefore discretionary.

Having established that Detective Sluss's execution of the search warrant and seizure of the Plaintiff's property were discretionary, the burden now shifts to the Plaintiff to: 1) establish that the search and seizure were in violation of the Plaintiff's constitutional rights; and 2) that the violation was clearly established at the time of the search and seizure. *See Christmas*, 51 F.4th at 1354; *see also Grider*, 618 F.3d at 1254. However, the Plaintiff can never establish that Detective Sluss loses qualified immunity because, as averred above, the Plaintiff's property was seized and searched pursuant to a facially valid warrant that was signed by Fulton County Superior Court Judges. The seizure and search of Plaintiff's property was lawful and therefore did not violate any established Constitutional right. Accordingly, this Court

should dismiss the claims against Detective Sluss, as qualified immunity is total immunity from suit, rather than defense to a particular charge. *Manners v. Cannella*, 891 F.3d 959, 967 (2018).

## CONCLUSION

Based on the foregoing, Detective Sluss respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 11th day of July 2025.

RESPECTFULLY SUBMITTED,

*PATRISE PERKINS-HOOKER*
*City Attorney*
*Georgia Bar: 572358*
*(please direct all communications to the undersigned attorneys)*

/s/ Sandy Milord
**Sandy Milord**
Senior Attorney IV
Georgia Bar No. 622391
(404) 546-4146 *Direct*
smilord@atlantaga.gov

*Attorneys for Defendant Detective Ronald Sluss*

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100 (*main*)
(404) 494-1625 (efax)

22

# EXHIBIT A

**STATE OF GEORGIA**
**COUNTY OF FULTON**

<u>**WARRANT FOR SEARCH AND SEIZURE**</u>

**TO: ALL PEACE OFFICERS OF THE STATE OF GEORGIA**

An affidavit and oral testimony have been presented before this court by Detective R.C. Sluss of the Atlanta Police Department, an officer sworn to enforce the criminal laws of Georgia, acting in his official capacity, says that he has probable cause to that:

A. specific offense(s) have been committed; namely Criminal Damage to Property in the 2nd degree, O.C.G.A. § 16-7-23; and

B. specifically described property and items and/or persons are to be searched for and seized and constitute evidence of these specific offenses; and

C. the property and items and/or persons constituting evidence to be searched for and seized are located at the particular place to be searched.

**Certain property, item(s), and instrument(s) to be seized and searched are located in DeKalb County, Georgia and are specifically described as follows:**

Description: iPhone 13 ProMax, IMEI: 350879909397625
Location:  226 Peachtree Street SW, Atlanta, Fulton County, Georgia

**The foregoing described property, item(s), and instrument(s) to be searched for and seized, as well as the information and data contained in the same, constitute and contain evidence connected with the foregoing listed crime(s) and is/are:**
(check ALL that are applicable) (O.C.G.A. 17-5-21)

[  ] designed for use in the commission of the crime(s) herein described.
[  ] intended for use in the commission of the crime(s) herein described.
[X] has been used in the commission of the crime(s) herein described.
[  ] stolen; [  ] embezzled; property.
[  ] contraband, the possession of which is unlawful.
[  ] tangible or intangible evidence of the commission of the crime(s) set forth above.
[  ] a person who has been kidnapped in violation of the laws of this state or who has been kidnapped in another jurisdiction and is now concealed within this state.
[  ] a human fetus; [  ] a human corpse.
[  ] a person for whom an arrest/fugitive warrant has been issued. (Brown v. State, 240 Ga. App. 321)

**There being concealed certain evidence, which is evidence of the aforementioned crime and subject to search and seizure under O.C.G.A. §17-5-21. A complete forensic extraction, exam, and/or image of the above-named device is to be completed. A search is to be conducted for the following:**

<u>**Subscriber/Account and Operating System Information**</u>

1. Phone numbers associated with this device;

2. Email addresses associated with this device;

3. Operating system files and information;

4. Accounts associated with this device;

5. Contacts;

State of Georgia v. Epiphany Robin Summers
Warrant to Seize & Search Mobile Device                                   242970831

6.  Any other indicia of ownership.

## Content Records

For the time period of August 21, 2024 through November 19, 2024:

1.  Call logs;

2.  Text-based communications such as email and text messages, and/or similar communications, to include but not limited to, Short Message Service (SMS), Multimedia Message Service (MMS), iMessage, Google, What's App, Snapchat, Facebook messenger;

3.  Visual media created, accessed, modified and/or deleted during this time period;

4.  Audio media created, accessed, modified and/or deleted during this time period;

5.  Website and browser history;

6.  Search history - All search history and queries including by way of example and not limitation, such as World Wide Web (web), images, news, shopping, ads, videos, maps, travel, and finance;

7.  Documents, to include, but not limited to, notes, PDFs, spreadsheets, text files;

8.  All calendars, including shared calendars and the identities of those with whom they are shared, to include but not limited to, calendar entries, notes, alerts, invites;

9.  Connected devices, to include but not limited to, Bluetooth and Wi-Fi;

10. Geolocation data.

## Specific Search Terms/Items Not Covered Above

1.  Specific visual media matching specific criteria: Protests, signs, black block clothing, DTAF (Defend the Atlanta Forest) and Stop Cop City.

2.  Specific items/search terms/categories: Protests, DTAF (Defend the Atlanta Forest) and Stop Cop City.

With the understanding that:

Computerized information can be stored for long periods of time. Information contained on a computer or other electronic device can be accessed even if it is very old. When records are stored on floppy disks, a hard drive, or flash media; even when they purportedly have been erased or deleted, their content may still be retrievable. Affiant is familiar with the methods of restoring "lost" data commonly employed by computer users and has often utilized those methods. Further, searching for and seizing information from computers often requires officers to search and examine most or all data and/or files from digital storage devices (along with related peripherals). This is true because: Computer storage devices (like hard disks, diskettes, tapes, laser disks, flash media) can store the equivalent of millions of pieces of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names or hide data in seemingly innocuous and unrelated files, and/or use encryption or steganography. Some files have no date stamp or incorrect or corrupted date stamps, requiring the examiner to review these files. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending on the volume of data stored and whether or not the operator of these data storage media attempted to conceal evidence using these methods. In this case, the computer/devices used and/or operated by the defendant could potentially store information that is not necessarily illicit, which may reveal motive for the crime being investigated.

The court, having considered the evidence presented before it this date, is satisfied that there is probable cause to believe that the above-named device contains evidence of the crimes set forth above, and that grounds for issuance of this warrant are true.

State of Georgia v. Epiphany Robin Summers
Warrant to Seize & Search Mobile Device                                                    242970831

You are hereby commanded to immediately seize the above list of specifically described item(s). A search, as described above, is to then be conducted of the seized item(s). You shall leave a copy of this warrant and a receipt listing any items seized. A written inventory, signed under oath by the officer executing this search warrant, listing the items seized shall be prepared without unnecessary delay and shall be returned to me or to any judicial officer of this court. (O.C.G.A. 17-5-29)

**EXECUTION OF SEARCH WARRANT:** This search warrant shall be executed within ten days from the time of issuance. If the warrant is executed, the duplicate copy shall be left with any person from whom the listed items were seized; or if no person is available, the copy shall be left in a conspicuous place on the premises particularly described above. Any search warrant not executed within ten days from the time of issuance shall be void and shall be returned to this court or another of competent jurisdiction. (O.C.G.A. 17-5-25).

SO ORDERED THIS _____ DAY OF _____, 2024 AT _____

_____
JUDGE, FULTON COUNTY SUPERIOR COURT

# EXHIBIT B

State of Georgia v. Epiphany Robin Summers
Warrant to Seize and Search Vehicle

242970831

**STATE OF GEORGIA**
**COUNTY OF FULTON**

<u>**WARRANT FOR SEARCH AND SEIZURE**</u>

**TO: ALL PEACE OFFICERS OF THE STATE OF GEORGIA**

Personally appeared before me Detective R.C. Sluss of the Atlanta Police Department, an officer sworn to enforce the criminal laws of Georgia, acting in his official capacity, and after being duly sworn, deposes and on oath says that he has probable cause to believe that:

- A. specific offense(s) have been committed; namely Criminal Damage to Property in the 2nd degree, O.C.G.A. § 16-7-23; and
- B. specifically described property and items and/or persons are to be searched for and seized and constitute evidence of these specific offenses; and
- C. the property and items and/or persons constituting evidence to be searched for and seized are located at the particular place to be searched.

**The list of certain property, items, articles, instruments, and person(s) to be searched for and seized are located in Fulton County, Georgia and are specifically described as follows:**

| | |
|---|---|
| Description: | (1) 2020 Blue Hyundai Kona, GA Tag: SBV6114, VIN: KM8K62AA6LU452716 |
| | (2) Infotainment System and related digital storage media associated with the above described vehicle. |
| | (3) Posters, adhesive, brushes, buckets, black clothing, masks, and electronic devices. |
| Location: | 214 Colonial Homes Dr NW Unit 1134, Atlanta, Fulton County, Georgia 30312 or any place found within the jurisdiction of Fulton County. |

**The foregoing described property, items, articles, instruments and person(s) to be searched for and seized constitute evidence connected with the foregoing listed crime(s) and is/are:**
(check ALL that are applicable) (O.C.G.A. 17-5-21)

[ ] designed for use in the commission of the crime(s) herein described.
[ ] intended for use in the commission of the crime(s) herein described.
[X] has been used in the commission of the crime(s) herein described.
[ ] stolen; [ ] embezzled; property.
[ ] contraband, the possession of which is unlawful.
[X] tangible evidence of the commission of the crime(s) set forth above.
[ ] a person who has been kidnapped in violation of the laws of this state or who has been kidnapped in another jurisdiction and is now concealed within this state.
[ ] a human fetus; [ ] a human corpse.
[ ] a person for whom an arrest/fugitive warrant has been issued. (Brown v. State, 240 Ga. App. 321)

**A complete forensic extraction of the above named device is to be completed. A search and report is to be generated for the following:**

For the time period of September 1, 2024 through October 23, 2024 which is evidence of the aforementioned crime, which is subject to search and seizure under O.C.G.A. §17-5-21:

1. Live and deleted user attribution data including user accounts, email accounts, passwords, P.I.N. codes, patterns, methods of payment, account names, usernames, screen names, remote data storage accounts, documents, files, metadata, log files, user voice profiles, and other biometric identifiers or any other

State of Georgia v. Epiphany Robin Summers
Warrant to Seize and Search Vehicle

242970831

information and evidence that may demonstrate attribution to a particular user or users;

2. Live and deleted historical navigation data tracks, routes, and waypoints, G.P.S. fixes, favorites, past journeys, trip logs, and user-entered data, Latitude, Longitude, and Altitude coordinates, and related dates and times;

3. Live and deleted logs, records, documents, and other items that may constitute evidence, contraband, fruits, and/or instrumentalities of violations of crimes, including but not limited to the crime(s) listed;

4. Live and deleted contact lists, call logs, text messages and multimedia messages (SMS and M.M.S. messages), emails, chats, video conference communication data, contact information, installed application information including their content and any other information which can be used to identify potentially associated persons;

5. Live and deleted passwords, password files, P.I.N. codes, encryption codes, or other information necessary to access the digital device or data stored on the digital device such as hidden file applications;

6. Live and deleted documents, programs, pictures, videos, audio files, text files, databases, application data, calendar entries, user dictionaries, malware, viruses, tracking or other remote monitoring software, and any associated metadata;

7. Live and deleted web browser history, web browser bookmarks, temporary Internet files, cookies, searched items, downloaded and uploaded files, social networking websites or applications;

8. Live and deleted data stored on removable media such as Subscriber Identity Modules (SIM cards), flash memory storage devices such as Secure Digital (S.D.) and Micro SD media cards and any associated wireless devices (Bluetooth, Wi-Fi, or other technology);

9. I also understand that in order to successfully complete a forensic extraction from an Infotainment System, it may be necessary to repair the device, replace the screen, replace the chassis, reconnect wires, or replace a battery. I also understand that it may be required to employ advanced forensic processes to bypass locked display screens and other data access restrictions. Advanced procedures may include potentially destructive and destructive methods such as gaining root and/or Super user-level access, JTAG, ISP-JTAG, and chip-off.

10. The executing law enforcement officer(s) may enlist the aid of a law enforcement computer forensic laboratory and/or certified digital evidence examiner(s) in the searching, viewing, photographing, recording, copying, forensic imagining, and analysis of any and all of the information described.

The court, having considered the evidence presented before it this date, is satisfied that there is probable cause to believe that the above-named account contains evidence of the crimes set forth above, and that grounds for issuance of this warrant are true.

You are hereby commanded to immediately search the above-described account for and seize the above list of specifically described items. You shall leave a copy of this warrant and a receipt listing any items seized. A written inventory, signed under oath by the officer executing this search warrant, listing the items seized shall be prepared without unnecessary delay and shall be returned to me or to any judicial officer of this court. (O.C.G.A. 17-5-29)

**EXECUTION OF SEARCH WARRANT:** This search warrant shall be executed within ten days from the time of issuance. If the warrant is executed, the duplicate copy shall be left with any person from whom the listed items were seized; or if no person is available, the copy shall be left in a conspicuous place on the premises particularly described above. Any search warrant not executed within ten days from the time of issuance shall be void and shall be returned to this court or another of competent jurisdiction. (O.C.G.A. 17-5-25).

State of Georgia v. Epiphany Robin Summers
Warrant to Seize and Search Vehicle

242970831

SO ORDERED THIS _____ 1st _____ DAY OF _____ Nov _____, 2024 AT 15:15 pm

_____
JUDGE, FULTON COUNTY SUPERIOR COURT

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d), Counsel for the City hereby certify the foregoing has been prepared in compliance with Rule 5.1(B) in 14 point, Times New Roman font typeface.


*/s/ Sandy Milord*
**Sandy Milord**
Senior Attorney IV

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EPIPHANY SUMMERS   )
          )
  Plaintiff,     )
          )
v.          )  CIVIL ACTION
          )  FILE NO: 1:25-cv-02225-TWT
CITY OF ATLANTA, and  )
DETECTIVE RONALD   )
SLUSS in his individual   )
Capacity.       )
          )
_____Defendant_____)

## CERTIFICATE OF SERVICE

This is to certify that on this day ***DEFENDANT DETECTIVE RONALD SLUSS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES*** was electronically filed using this Court's filing system and all parties listed below were served electronically as follows:

This 11th day of July 2025.

Drago Cepar, Jr
1900 The Exchange, Suite 490
Atlanta, Georgia 30339
dcepar@gmail.com

**RESPECTFULLY SUBMITTED,**

/s/ Sandy Milord
**Sandy Milord**

24

Senior Attorney IV
Georgia Bar No. 622391
(404) 546-4146 *Direct*
smilord@atlantaga.gov

***Attorneys for Defendant Detective
Ronald Sluss***

**City of Atlanta Department of Law**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100 (*main*)
(404) 494-1625 (efax)

25